# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 12-685V
### E-Filed: May 20, 2014

```
* * * * * * * * * * * * *   *
DAVID BLACK,                 *    UNPUBLISHED
                             *
                             *     Special Master
            Petitioner,      *     Hamilton-Fieldman
                             *
     v.                      *
                             *    Influenza Vaccine; Guillain-Barré
SECRETARY OF HEALTH          *    Syndrome; Symptom Onset
AND HUMAN SERVICES,          *    Prior to Vaccination
                             *
            Respondent.      *
* * * * * * * * * * * * *   *
```

## ORDER RULING ON FINDINGS OF FACT[1]

On October 11, 2012, David Black (petitioner) filed this claim under the National Childhood Vaccine Injury Act of 1986 ("Vaccine Act" or "Act"), *as amended*, 42 U.S.C. §§ 300aa-1 to 34, alleging that he suffered from a neurological demyelinating injury as a result of an influenza (flu) vaccine administered to him on Monday, October 19, 2009. *See* Petition.

A fact hearing was conducted in this case on May 6, 2014. At issue was when Petitioner first experienced the symptoms of numbness in his legs and arms and difficulty

---

[1]     Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this order on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" order will be available to the public. *Id.*

walking for which he sought treatment from his primary care physician on October 21, 2009. Ex. 9 at 17, Ex. 14 at 4, 18. A worsening of these symptoms ultimately took Petitioner to the emergency room at Sentera Norfolk General Hospital on October 24, 2009.

The undersigned heard testimony from Petitioner and issued her oral ruling from the bench. She refers the parties to the transcript of the proceeding for the details of the ruling and its reasoning.

In making her findings, the undersigned relied most heavily, and found most credible, those medical records made contemporaneously with the events that occurred in Mr. Black's life in late October 2009. Specifically, she found the medical record of Mr. Black's visit to his primary care physician, Dr. Harrington, on Wednesday, October 21, 2009 (Exhibit 15 at 4) to be particularly pertinent because that record was made before the significance of the symptoms to the later diagnosed Guillain-Barre syndrome or CIDP or a possible relationship to the administration of the influenza vaccine was known. Pet'r's Ex. 15 at 4. That record noted Petitioner's "[n]umbness and tingling of left arm, involving all fingers" as persisting for "the last four days," or since Sunday, October 18, 2009, the day before the vaccine was administered. *Id.* The undersigned also indicated that she found particularly persuasive the detail in Petitioner's medical records from the emergency room visit.

The medical records reflect that on October 24, 2009, Petitioner was admitted to Sentara Norfolk General Hospital with paresthesias in all extremities and difficulty supporting his weight when standing. Ex. 3 at 8, 32. The ER history states:

> Symptoms began with upper extremity tingling/numbness and mild weakness 6 days ago. 5 days ago he received influenza vaccine. 4 days ago had back pain radiating to left leg, resolved, as well as bilateral lower extremity numbness weakness and tingling.…

*Id.* at 32.

Accordingly, to the extent that any of Petitioner's testimony conflicts with or is unsupported by the medical records, the undersigned has credited the contemporaneous medical records. *See Cucuras v. Sec'y of Health & Human Servs.,* 993 F.2d 1525 (Fed. Cir. 1993) (supporting a presumption that medical records created contemporaneously with the events described are generally more accurate and complete than testimony removed in time from the events that it recalls).

The undersigned found that there is preponderant evidence in the medical records concerning onset that was uncontroverted by Petitioner's testimony at the fact hearing.

That evidence supports a finding that Petitioner experienced the onset of "numbness and tingling of [his] left arm, involving all fingers" on Sunday, October 18, 2014.  *See* Pet'r's Ex. 15 at 5.

As the undersigned stated at the fact hearing, the significance of these symptoms and of the timing of their occurrence is for an expert to decide.  The undersigned afforded Petitioner a period of 28 days to file a status report indicating how he intends to proceed with this case.  The undersigned informed Petitioner that she would accept the filing of an amended petition in this case if that is how Petitioner elected to proceed after conferring with counsel.  **On or before June 10, 2014, Petitioner shall file a status report stating whether and how he intends to proceed in this matter.**

       **IT IS SO ORDERED.**

<u>Lisa Hamilton-Fieldman</u>
Lisa Hamilto-Fieldman
Special Master